Laura **MANNS**, Plaintiff,

v.

Cathy **SMITH**, et al., Defendants.

CIV. A. No. 2:97–0878.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 30, 1998.

---

Jason Huber, Roger D. Forman, Forman & Crane, Charleston, WV, for plaintiff.

John R. Teare, Jr., Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendants' objection to Magistrate Judge Jerry D. Hogg's April 8, 1998 Discovery Order, and Plaintiff's appeal of the Magistrate Judge's Discovery Order of April 9, 1998. The Court construes both pleadings as objections filed pursuant to *Rule* 72 of the *Federal Rules of Civil Procedure.*

This civil action, brought in part under the authority of 42 U.S.C. § 1983, arose out of an alleged altercation between Plaintiff Laura Manns and Defendant Officer Cathy Smith of the Charleston Police Department. Plaintiff objects to the Magistrate Judge's denial of her motion to compel production of all aspects of the Charleston Police Department's internal investigation into the Smith–Manns incident. In his Order the Magistrate Judge agreed with Defendants that these investigatory materials were protected from disclosure by the "self-critical analysis" privilege.

For their part, Defendants object to those portions of the April 8 Discovery Order (1) directing Defendants to produce copies of internal investigatory files concerning prior incidents of possible misconduct by Officer Smith; (2) directing Defendants to provide psychological reports and records regarding Officer Smith without *in camera* review; and (3) denying Defendants' motion to strike Plaintiff's motion to compel for her failure to comply with *Rule* 3.07(b) of the *Local Rules of Civil Procedure.* Regarding Defendants' second and third objections, the Court concludes Magistrate Judge's decision was neither clearly erroneous nor contrary to law.

The Court thus **AFFIRMS IN PART** those aspects of the Magistrate Judge's April 8 Discovery Order.

The Court's chief concern lies with the Magistrate Judge's holding that the "self-critical analysis" privilege, or, as it is more appropriately designated, the "official information" privilege, *see Kelly v. City of San Jose,* 114 F.R.D. 653, 655–660 (N.D.Cal.1987), shields the investigatory materials from disclosure. *See generally* Martin A. Schwartz, *Admissibility of Investigatory Reports in Section 1983 Civil Rights Actions—A User's Manual,* 79 Marq. L.Rev. 453, 504–15 (1996). No Fourth Circuit or Southern District cases discuss the official information privilege in detail in the context of § 1983 litigation.[1] From the Court's review of the case law, two nonbinding opinions stand out as authoritative on the issue: Magistrate Judge Wayne D. Brazil's decision in *Kelly, supra,* and Chief Judge Jack B. Weinstein's decision in *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y. 1988). These balanced, thoughtful and comprehensive opinions examine the scope of the official information privilege and establish detailed procedural frameworks to evaluate its applicability.

It appears that neither the parties nor the Magistrate Judge have taken into account the considerations discussed in *King, Kelly* and similar decisions. *See, e.g., Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D.Pa.1973). This is understandable concerning the lack of relevant binding precedent. Nonetheless, the Court **VACATES** those portions of the April 8 and 9 Discovery Orders addressing the discoverability of the investigatory materials relating to the two prior misconduct investigations of Defendant Smith and the alleged altercation between Plaintiff and Smith. The Court **REMANDS** the case to the Magistrate Judge with instructions that he reconsider his decisions on these points, guided by the procedures and factors set forth in *King.* The Magistrate Judge of course may establish briefing schedules and conduct any necessary hearings in aid of his decision.[2]

---

1. The Court is aware of *Spell v. McDaniel,* 591 F.Supp. 1090, 1116–1119 (E.D.N.C.1984), a decision generally consistent with the *King* and *Kelly* decisions discussed *supra.*

2. In light of (1) the general presumption against invocation of the official information privilege in

For the foregoing reasons, the Court **AFFIRMS IN PART** and **VACATES AND REMANDS IN PART** the Magistrate Judge's Discovery Orders of April 8 and 9, 1998.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Magistrate Judge Hogg and counsel of record.

these circumstances, *see King* 121 F.R.D. at 198; *see also Better Government Bureau, Inc. v. McGraw*, 924 F.Supp. 729, 733–734 (S.D.W.Va. 1996) (Haden, C.J.) (observing, in another context, impediments to full disclosure of facts in § 1983 cases are disfavored)(quoting *Skibo v. City of New York*, 109 F.R.D. 58, 64 n. 1 (E.D.N.Y.1985)), *rev'd on other grounds sub nom. In re Allen*, 106 F.3d 582 (4th Cir.1997); and (2) the fact that, to invoke the privilege, Defendants "must make a 'substantial threshold showing' … that there are specific harms likely to accrue from disclosure of specific materials," *King*, 121 F.R.D. at 189 (quoting *Kelly*, 114 F.R.D. at 669), the Court encourages the parties to resolve this discovery dispute informally and without further resort to the Court.