Fannie ROLLINS, as Administratrix and personal representative of the Estate of Steven L. ROLLINS, Plaintiff,

v.

Jeffrey E. BARLOW and the Town of Oceana, Defendants.

No. CIV.A. 2:00–0881.

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 25, 2002.

Timothy C. Bailey, Bucci Bailey & Javins, L.C., Charleston, WV, for Plaintiff.

Jeffrey K. Phillips, Steptoe & Johnson, Charleston, WV, for Jeffrey E. Barlow.

Travis S. Haley, Pullin, Knopf, Fowler & Flanagan, Charleston, WV, for The Town of Oceana.

John Hoyer, West Virginia State Police, Charleston, WV, for the Superintendent.

## ORDER

STANLEY, United States Magistrate Judge.

Pending before the court is the Motion to Quash and Request for Protective Order (document # 141), filed by Howard E. Hill, Jr., Superintendent of the West Virginia State Police ("the Superintendent"), which Motion was considered at a hearing on February 19, 2002. Present at the hearing were Timothy C. Bailey for Plaintiff, Jeffrey K. Phillips for defendant Barlow, Travis S. Haley for defendant Town of Oceana, and John Hoyer for the Superintendent.

The Superintendent asks the court to quash a subpoena duces tecum issued at the request of counsel for defendant Barlow, and to enter a protective order that the State Police need not produce the documents requested. The subpoena commands production of: "Personnel files and Professional Standard Unit (P.S.U.) or Professional Standard Section (P.S.S.) records regarding William Gibson, Jess Gundy, Rodger Reed, John Giacalone, and Christopher Joseph White." Messrs. Gibson, Gundy, Reed, Giacalone, and White ("the Expert Witnesses") are West Virginia State Troopers who will testify at the trial of this action and offer expert opinions, in Plaintiff's case-in-chief, concerning defendant Barlow's alleged use of excessive force which resulted in the death of Steven L. Rollins.

The Expert Witnesses are not "retained or specially employed to provide expert testimony in the case," nor are they persons "whose duties as an employee *of the party* regularly involve giving expert testimony." *See* Rule 26(a)(2)(B), Fed. R. Civ. Pro. [emphasis supplied.] Thus the Ex-

pert Witnesses were not required to prepared a written report. *Id.* The identities of the Expert Witnesses were disclosed to Defendants by Plaintiff pursuant to Rule 26(a)(2)(1), Fed. R. Civ. Pro.

Rule 26(b)(4)(A), Fed. R. Civ. Pro., addresses trial preparation with respect to expert witnesses. "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." *Id.* Counsel for defendant Barlow acknowledges that he can depose the Expert Witnesses. The court notes that Rule 26(b)(4)(C) requires payment of a reasonable fee to the expert for time spent in responding to discovery; that is a matter for the Superintendent and the Expert Witnesses to decide.

The Superintendent argues that the subpoenaed records are not relevant to the action, and are not subject to discovery or disclosure. He asserts that production of the Expert Witnesses' personnel files would violate their privacy rights pursuant to W. Va.Code § 29B–1–4, and be contrary to the interest of the government in maintaining confidentiality of records. The Superintendent notes that *Maclay v. Jones,* 208 W.Va. 569, 542 S.E.2d 83 (2000), provides that a court should consider various enumerated factors when making an *in camera* inspection of any records which it may order to be disclosed.

Defendant Barlow responds that he does not seek personal information of the Expert Witnesses, but that he is entitled to information concerning their training and any complaints filed against them, as being indicative of the Expert Witnesses' "qualifications," as provided in Rule 26(a)(2)(B). (Response, # 148.) Defendant Barlow offers the Superintendent the option of redacting personal information from the documents, and entry of a protective order. *Id.* .

Defendant Barlow's argument that the information in the personnel records is discoverable as provided in Rule 26(a)(2)(B) ("report shall contain a complete statement of . . . the qualifications of the witness . . ."), is unpersuasive because, as noted above, Rule 26(a)(2)(B) does not apply to these witnesses.

The question posed by the Motion is whether the personnel record (or similar private information) pertaining to a witness who will offer an expert opinion, but who was not specially retained or employed to offer such an opinion, is subject to discovery by subpoena. In this case, the Expert Witnesses are State Troopers; in other cases, the non-retained expert witness might be an arson investigator with the State Fire Marshal's Office, or a treating physician, or any other person with specialized knowledge. *See* Fed.R.Evid. 702. Evidence Rule 703 provides that such an expert witness may testify in the form of an opinion if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

Rule 45(c)(3), Fed. R. Civ. Pro., addresses protection of persons subject to subpoenas, and lists reasons for quashing or modifying a subpoena. One such reason is that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Rule 45(c)(3)(A)(iii). There is no suggestion by any participant in this dispute that the Expert Witnesses or the Superintendent has waived any privilege or protection which may be available.

Rule 501 of the Federal Rules of Evidence provides that the privilege of a witness is governed by "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience," except that in a state law based civil case, the

privilege of a witness is governed "in accordance with State law." This is an action for violation of the decedent's Federal and State constitutional rights to be free of unreasonable seizure resulting in his death, pursuant to 42 U.S.C. § 1983, and related Federal and State claims.

■ Federal common law disfavors privileges and protection from disclosure. "For more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule." *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) (quoting 8 J. Wigmore, *Evidence* § 2192, p. 64 (3d ed.1940)). *Jaffee v. Redmond,* 518 U.S. 1, 9, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (recognizing a psychotherapist-patient privilege).

■ The court finds that the Expert Witnesses' personnel records are not privileged pursuant to the West Virginia Freedom of Information Act ("FOIA"), or the regulations promulgated by the State Police for maintaining the confidentiality of such records. The FOIA is aimed at disclosure of public records to the public; personnel records of public employees are not "public records" under FOIA, but that does not mean that they are privileged from disclosure under all circumstances. Generally speaking, FOIA provisions do not govern civil discovery matters. *Maclay,* 542 S.E.2d at 88. Similarly, State Police personnel records are confidential just as personnel records of any employer should be confidential to protect the privacy concerns of employees. Such privacy concerns do not amount to a "privilege" as that term is used in civil discovery.

■ The court further finds that the Expert Witnesses' personnel records are not privileged as law enforcement investigatory materials or as official information. The Expert Witnesses were not participants in the events which led to the death of Steven L. Rollins; the Expert Witnesses investigated the officers who did participate in the events. Thus the request for the Expert Witnesses' personnel records is not an attempt to discover the facts. Moreover, the Supreme Court of Appeals of West Virginia has declined to recognize a "law enforcement investigatory privilege," sometimes known as an "official information privilege." *See Maclay,* 542 S.E.2d at 89.

■ The court further finds that there is a strong public interest in protecting the privacy rights of police officers in their own personnel records, and in preventing the unnecessary disclosure of the complaints (justified or not) which are inevitably filed against them. Defendants, on the other hand, are entitled to prepare cross-examination of the Expert Witnesses and to investigate whether the Expert Witnesses themselves bear a bias or prejudice in excessive force cases which would tend to color their testimony.

Accordingly, it is hereby **ORDERED** that the Superintendent's Motion to Quash and Request for Protective Order (# 141) is denied in part and granted in part as follows:

1. The Superintendent shall submit to the court *ex parte* and *in camera* those portions of the Expert Witnesses' personnel records, included Professional Standard Unit or Professional Standard Section, which relate to each Expert Witness's training and to complaints filed against each Expert Witness.

2. After submission of the portions of the personnel records, the court will determine whether defendant Barlow's need for the material outweighs the public interest in maintaining the confidentiality of such information.

3. In the event that the court determines that some or all of the material will be disclosed to defendant Barlow's counsel, such disclosure will be subject to a protective order, to be negotiated among the parties and the Superintendent prior to disclosure, which protective order shall include a provision that the disclosure will be only to counsel, and that counsel will not provide copies to the parties.

4. The Superintendent will submit the records *ex parte* and *in camera* no later than March 8, 2002.

5. The parties and the Superintendent shall bear their own costs.

The Clerk is requested to mail copies of this Order to counsel of record, including counsel for the Superintendent, and post this published opinion at *http://www.wvsd.uscourts.gov.*