Raymond FLOREN, Plaintiff,

v.

Earl WHITTINGTON, et al., Defendants.

No. CIV.A. 2:02–1083.

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 2, 2003.

Roger D. Forman, Esquire, Jason E. Huber, Esquire, Forman & Crane, Charleston, WV, for Plaintiff.

Michael D. Mullins, Esquire, Steptoe & Johnson, Charleston, WV, for Defendant Whittington.

John F. McCuskey, Esquire, Virginia Ann Grottendieck, Esquire, Shuman, McCuskey & Slicer, Charleston, WV, for Defendants Rigney, Coleman, City of Dunbar.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL

HADEN, District Judge.

Pending are Plaintiff's Exceptions and Objections to the Honorable Magistrate Judge Stanley's Order Denying the Plaintiff's Motion to Compel.

By Order entered September 5, 2003, the Magistrate Judge summarized a telephone conference with counsel held September 4. *Floren v. Whittington,* C.A. No. 2:02–1083, slip op. at 1–2 (S.D.W.Va. Sept.5, 2003)(Order). The Magistrate Judge's Order states, "The parties advised the court that they had resolved all disputes except for those relating to Plaintiff's request to review the personnel files and internal affairs files of all Dunbar police officers." [1] *Id.* Based on a finding the Plaintiff had shown the materials arguably relevant and Defendants had made a threshold showing of specific harms likely to result from their disclosure, the Magistrate Judge directed Defendants to submit the personnel files of all Dunbar police officers who served during the administration of Mayor Rigney and Chief Coleman for *in camera* review. *Id.* at 2.

On September 18 the Magistrate Judge reported she had received a ten-inch high stack of documents that she reviewed consistent with *Manns v. Smith,* 181 F.R.D. 329 (S.D.W.Va.1998), *Rollins v. Barlow,* 188 F.Supp.2d 660 (S.D.W.Va.2002), *King v. Conde,* 121 F.R.D. 180 (E.D.N.Y.1988), and *Maclay v. Jones,* 208 W.Va. 569, 542 S.E.2d 83 (2000).[2] *Floren,* slip. op. at 1 (Sept. 18, 2003)(Order). Without further discussion, the Magistrate Judge concluded:

> The court finds that the materials are not relevant, and that specific harms are likely to result from the disclosure of the requested materials. The court further finds that the public interest in maintaining the confidentiality of such information outweighs Plaintiff's need for the material.

---

1. No party disputed this account. Although Plaintiff's motion refers to disputes over Requests for Production numbers 2, 4, 5, 7, 8, 9, and 11, the Court assumes for purposes of this Order that the motion to compel is now limited to the personnel and internal affairs files, as the Magistrate Judge specified.

2. *Maclay,* as a state case, is not dispositive of this issue. *See King v. Conde,* 121 F.R.D. at 187 ("Questions of privilege in federal civil rights cases are governed by federal law.")(collecting cases). But the Court recognizes that, "as a matter of comity," state interests in relevant state doctrine should be taken into account. *Kelly v. City of San Jose,* 114 F.R.D. 653, 656 (N.D.Cal. 1987).

Interestingly, in *Maclay* the state court supports the conclusion this Court ultimately reaches in this action:

> The panoply of projected horrors that Defendants forecast, absent the adoption of a law enforcement privilege, can be avoided through the use of in camera inspections and carefully crafted protective orders. Accordingly, we hold that records and information compiled by an internal affairs division of a police department are subject to discovery in civil litigation arising out of alleged police misconduct if, upon an in camera inspection, the trial court determines that the requesting party's need for the material outweighs the public interest in maintaining the confidentiality of such information. [FN]
> FN. The trial court, in weighing this issue of confidentiality versus disclosure, should consider whether any perceived adverse effects to the public interest in maintaining confidentiality can either be eliminated or reduced through the use of an appropriately drawn protective order, which carefully constricts the manner in which such information is disseminated and the parties to whom it is provided. Where appropriate, the use of protective orders is preferential to the total non-disclosure of requested materials that are otherwise subject to discovery.

*Maclay,* 542 S.E.2d at 90.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Compel is DENIED. *Floren,* Sept. 18 Order at 2.

In general, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Plaintiff's Complaint alleges Defendant Police Officer Whittington violated his constitutional rights by arresting him after Plaintiff directed Whittington to leave his property, which the officer had entered without permission and for no official purpose. Plaintiff claims false arrest, excessive force, unlawful retaliation, malicious prosecution, and municipal and supervisory liability, as well as state law claims.

Under *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), local governments may be liable for damages, as well as declaratory and injunctive relief whenever:

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-making channels.

*Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018. *Monell* allows the imposition of government liability when conduct reflects "practices of state officials so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691, 98 S.Ct. 2018. Liability is attributed to the municipality in custom-type cases through a policy maker's actual or constructive knowledge of, and acquiescence in, the unconstitutional custom or practice. *See, e.g., Randall v. Prince George's County, Md.,* 302 F.3d 188, 210 (4th Cir.2002)("In order for liability to attach, (1) the municipality must have 'actual or constructive knowledge' of the custom and usage

by its responsible policymakers, and (2) there must be a failure by those policymakers, 'as a matter of specific intent or deliberate indifference,' to correct or terminate the improper custom and usage.")(citing *Spell v. McDaniel,* 824 F.2d 1380, 1390 (4th Cir. 1987)).

Here, Plaintiff alleges "the failure of said Defendants to adequately train, supervise, and discipline its police officers regarding unlawful and retaliation [sic], malicious prosecution and abuse of process against citizens for simply exercising the Federal and State constitutional rights." (Compl.¶ 32.) The Dunbar Police Department's handling of complaints, particularly citizen complaints, its internal investigations and their results are all potentially relevant to these issues.

■ *King v. Conde, supra,* succinctly summarizes the important federal interests in broad discovery and truth seeking as well as the interest in vindicating important federal substantive policy such as that embodied in section 1983. *King,* 121 F.R.D. at 187. " '[O]rdinarily the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case.' " *Id.* (quoting *Burke v. New York City Police Dept.,* 115 F.R.D. 220, 225 (S.D.N.Y.1987)). The Court acknowledges *King* involves only the files of police officers who are defendants, avoiding the "more vexing issues raised when records of other officers are sought in an attempt to prove the practice and policy of a municipal government." *Id.,* 121 F.R.D. at 185. However, this does not undermine the general principles *King* enunciates so well. In particular, there is a general presumption against invocation of an official information privilege, however denominated, in § 1983 cases. *See Manns v. Smith, supra,* 181 F.R.D. at 330 (citing *King,* 121 F.R.D. at 198).

■ Defendants contend discovery of internal affairs and personnel files would 1) disseminate highly private information, 2) threaten the safety of officers and their families, and 3) harm investigative and 4) citizen complaint candor. Defendants simply put forward these conclusory harms and do not

relate them to any particular piece or type of information. *King* examines such potential harms at length. Summarizing: 1) the "privacy interest in this kind of professional record is not substantial . . . and should be especially limited in view of the role played by the police officer as a public servant[.]" *King*, 121 F.R.D. at 191. 2) Safety concerns may be dealt with by redaction "if a real and credible danger is posed by disclosure." *Id.* 3) Courts "should be wary of relying" on the argument investigative candor would be harmed, which is "probably overstated[.]" "In sum, disclosure to civil rights litigants is probably a minute influence on officers' candor." *Id.* at 193. 4) "The more persuasive hypothesis is that disclosure will have no influence on citizen complaints." *Id.*

Considering the general principles of truth seeking in discovery, its broad application to any relevant material not privileged, the general presumption against invocation of privilege in § 1983 cases, and Defendants' failure to enunciate specific harms flowing from this information's disclosure, the Court **ORDERS** as follows:

1. Plaintiff's objections to the Magistrate Judge's denial of Plaintiff's motion to compel with regard to the personnel files of all Dunbar police officers who served during the administration of Mayor Rigney and Chief Coleman are **SUSTAINED;**

2. The motion to compel is **GRANTED;** except files of non-defendant officers containing no citizen complaint, internal investigation, or other record of disciplinary action need not be produced;

3. The Clerk shall file the records produced by Defendants in response to the Magistrate Judge's September 3 Order, and which accompany this Order, under **SEAL;**

4. By **October 10, 2003,** Defendants may propose redactions and/or terms of a protective order applicable to these materials, specifying particularly the items to be redacted/protected and the reasons therefor; and

5. Following redaction and/or entry of a protective order, and subject thereto, the records shall be released to Plaintiff's counsel.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. The Memorandum Opinion and Order is published on the Court's website at http://www.wvsd.uscourts.gov.