# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mercer County Board of Education,**
**Defendant Below, Petitioner**

**vs.) No. 18-0711** (Mercer County 18-C-36)

**Holly Ruskauff,**
**Plaintiff Below, Respondent**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mercer County Board of Education ("BOE"), by counsel Chip E. Williams, Ashley Justice Tucker, and Jared C. Underwood, appeals the Circuit Court of Mercer County's July 10, 2018, order granting, in part, and denying, in part, its motion to dismiss respondent's complaint. Respondent Holly Ruskauff, by counsel Scott H. Kaminski, filed a response. The BOE filed a reply.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order dismissing respondent's remaining claim.

On February 14, 2018, respondent filed a complaint against the BOE asserting causes of action for negligence and a deprivation of procedural due process. Respondent, a speech teacher, detailed that she was a BOE employee from 2011 through 2015, and that during a February 10, 2015, board meeting, the BOE suspended her employment. Respondent alleged that the suspension and reason for it were posted to the internet in the BOE's meeting minutes.[1]

---

[1] The relevant portion of the meeting minutes provided as follows:

**Employee Disciplinary Action**
Board Memo #149

On motion of Mr. Hodges, seconded by Mr. Hurt, and by a 4-0 vote, the Board confirmed the suspension of [respondent]. [Respondent] was suspended for ten days, from February 5-18, 2015, without pay, due to her failure to report to work

(continued . . .)

1

Respondent further alleged that, subsequent to her suspension, she attempted to find substitute employment. During this search, she was informed by Emily Karnes, another BOE employee, that a representative of the Somerset County, Maryland, Board of Education had contacted her and referenced the employment action detailed in the meeting minutes, as those minutes were available for viewing online. The Somerset County Board of Education did not hire respondent.

In support of her negligence count, respondent asserted that the BOE breached its duty to maintain the confidentiality of her personal employment information by posting the reason for its employment decision on its website. This breach allegedly caused respondent to lose employment opportunities and suffer lost wages, benefits, and other damages.[2]

Respondent's due process claim was predicated on the BOE's alleged failure to provide her with a predetermination conference and other related deprivations, such as the failure to provide certain written notices.

The BOE moved to dismiss respondent's complaint for failure to state a claim upon which relief could be granted. The BOE asserted that both of respondent's claims against it were

---

as assigned, providing false information to her supervisor when questioned regarding work attendance, and falsifying student service records in an attempt to mislead her supervisor. In a letter, dated January 29, 2015, [respondent] waived her right to a hearing in this matter and accepted the suspension.

Respondent does not deny the conduct set forth here.

[2] Respondent's negligence count, in relevant part, reads as follows:

COUNT ONE – NEGLIGENCE

11.     As an education institution and employer, West Virginia and United States law imposes a duty on [the BOE] to maintain the confidentiality of [respondent's] personal employment information including but not limited to any reasons for any personnel decisions.. [sic]

12.     [The BOE] breached that duty by displaying the reason for the personnel decision on its website such that the public including other potential employers have access to said information.

13.     The aforesaid breach by [the BOE] proximately caused [respondent] to lose employment opportunities and suffer lost wages and benefits, great emotional distress, anxiety, humiliation, embarrassment and other such damages as shall come to light through discovery.

14.     Accordingly, [respondent] is entitled to recovery from [the BOE] in an amount of money sufficient to compensate her for her damages.

barred by the doctrine of qualified immunity and the applicable one-year statute of limitations. In her response to this motion, respondent argued that despite a duty of confidentiality with respect to employee discipline, her disciplinary action remained available on the BOE's website in its meeting minutes. Respondent appended to her response the BOE's February 10, 2015, meeting minutes, quoted above.

Respondent also attached a February 17, 2016, e-mail from Ms. Karnes, informing her that the Somerset County representative had seen the meeting minutes. Respondent had previously e-mailed Ms. Karnes to inquire into the negative reference provided to the Somerset County representative and to request that future references be based on the first three years of her four-year employment with the BOE, which she characterized as positive. In her e-mail response, Ms. Karnes informed respondent that she did not provide a negative reference and, instead, only provided the representative with respondent's employment date range. Ms. Karnes also noted that the Somerset County representative "reference[d] the [BOE] memo disciplinary action that had your name on it. (Board memo's [sic] are public knowledge)[.] However, I told her I could not discuss the issue."

The parties appeared for a hearing on the BOE's motion to dismiss on June 1, 2018. On July 10, 2018, the circuit court entered its order granting the BOE's motion with respect to respondent's procedural due process claim. But the court found that

> [t]here is a dispute as to whether the [BOE] is required to include the reasoning for employment decisions or disciplinary actions in meeting minutes, or in the alternate whether the [BOE] must include only the final decision without the reasoning for said decision. Further, it is unclear what the [BOE] representative told the representative from Somerset County with regard to [respondent's] prior employment.

Accordingly, the court denied the BOE's motion as to the negligence claim. This appeal followed.

We review a circuit court's denial of a motion to dismiss de novo. *See* Syl. Pt. 4, in part, *Ewing v. Bd. of Educ.*, 202 W. Va. 228, 503 S.E.2d 541 (1998). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff [], and its allegations are to be taken as true." *W. Va. Bd. of Educ. v. Marple*, 236 W. Va. 654, 660, 783 S.E.2d 75, 81 (2015) (citation omitted). "[D]ismissal for failure to state a claim is only proper where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint." *Id.* (citation omitted). But a plaintiff's complaint must "at a minimum . . . set forth sufficient information to outline the elements of his [or her] claim," and "in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff." *Id.* (citations omitted).

The BOE asserts that the circuit court erred in denying its motion to dismiss respondent's negligence claim for several reasons. First, the BOE argues that it is entitled to qualified immunity and that qualified immunity bars negligence claims against governmental officials. The BOE also argues that the court erred in denying its motion on the basis that a dispute exists

as to whether the BOE must include in its meeting minutes only its employment decision and not the reasoning for that decision. According to the BOE, any such dispute amounts to a question of law for the court's resolution, not a question of fact for a jury. Additionally, the BOE claims error in the court's conclusion that it is unclear what the BOE representative told the representative with Somerset County regarding respondent's prior employment. Finally, the BOE contends that the circuit court failed to address its argument that respondent's claim is barred by the applicable one-year statute of limitations.

> In determining whether the BOE is entitled to qualified immunity,
>
> a reviewing court must first identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or involve otherwise discretionary governmental functions. To the extent that the cause of action arises from judicial, legislative, executive or administrative policy-making acts or omissions, both the State and the official involved are absolutely immune pursuant to Syl. Pt. 7 of *Parkulo v. W. Va. Bd. of Probation and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996).

Syl. Pt. 10, in part, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014). Then,

> [t]o the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

*A.B.* at 497, 766 S.E.2d at 756, syl. pt. 11. Respondent does not dispute that, under appropriate circumstances, the BOE could be entitled to qualified immunity and that its actions here involve discretionary functions.[3] Rather, she contends that the BOE's actions in displaying the basis for its employment decision in its public meeting minutes violated her "interest in privacy" and "breached its duty of confidentiality," thereby violating a "clearly established statutory or constitutional right[] or law[] of which a reasonable person would have known[.]" *Id.*

---

[3] Likewise, there is no dispute that respondent's claim is not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act. *See* W. Va. Code § 29-12A-18(b) (stating that the Act does not apply to "[c]ivil actions by an employee . . . against his or her political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision").

In support of her position, respondent cites *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958), and *Cordle v. General Hugh Mercer Corp.*, 174 W. Va. 321, 325 S.E.2d 111 (1984). In *Roach*, Ms. Roach's landlord installed a listening device in her rental apartment without her knowledge, allowing him to overhear her confidential and private conversations. *Id.* at 870, 105 S.E.2d at 565. She filed a trespass action and asserted that the landlord invaded her right to privacy. *Id.* The landlord asserted that no right of action existed in the state for recovering damages occasioned by an invasion of privacy. *Id.* Recognizing that there was no authority directly relating to the issue, this Court considered that the majority of jurisdictions permitted such a cause of action and held that "[t]he right of privacy, including the right of an individual to be let alone and to keep secret his private communications, conversations and affairs, is a right the unwarranted invasion or violation of which gives rise to a common law right of action for damages." *Id.* at 869-70, 105 S.E.2d at 564, syl. pt. 1.

Building on our holding in *Roach*, we held in *Cordle*

that it is contrary to the public policy of West Virginia for an employer to require or request that an employee submit to a polygraph test or similar test as a condition of employment, and although the rights of employees under that public policy are not absolute, in that under certain circumstances, such as those contemplated by *W.Va. Code*, 21-5-5b [1983], such a polygraph test or similar test may be permitted, the public policy against such testing is grounded upon the recognition in this State of an individual's interest in privacy.

174 W. Va. at 327, 325 S.E.2d at 117.

To bolster her claim that this right prohibited the BOE's actions, respondent contends that the right of privacy has been extended to the employment context, as done in *Cordle*, and notes that the Freedom of Information Act exempts from disclosure "[i]nformation of a personal nature such as that kept in a personal, medical, or similar file, if the public disclosure of the information would constitute an unreasonable invasion of privacy." W. Va. Code § 29B-1-4(a)(2), in part. Respondent also states that employers "routinely refuse to disclose personnel records on the basis of confidentiality." *See Rollins ex rel. Rollins v. Barlow*, 188 F.Supp.2d 660, 663 (S.D. W. Va. 2002) (noting that "State Police personnel records are confidential just as personnel records of any employer should be confidential to protect the privacy concerns of employees").

We have stated that "a right is 'clearly established' when its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *A.B.*, 234 W. Va. at 517, 766 S.E.2d at 776. Further,

[t]o prove that a clearly established right has been infringed upon, a plaintiff must do more than allege than an abstract right has been violated. Instead, the plaintiff must make a "particularized showing" that a "reasonable official would understand that what he is doing violated that right" or that "in light of preexisting law the unlawfulness" of the action was "apparent." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

5

*W. Va. Dep't of Health and Human Res. v. V.P.*, 241 W. Va. 478, __, 825 S.E.2d 806, 813 (2019) (citing *Hutchison v. City of Huntington*, 198 W. Va. 139, 149 n.11, 479 S.E.2d 649, 659 n.11 (1996)). The authority cited by respondent does not speak to the conduct here—namely, the BOE's recordation of the basis for its suspension of respondent's employment—or render it sufficiently clear that the basis for the BOE's employment decision may not be included in its public meeting minutes. Similarly, an employer's "refusal to disclose" personnel files, which may include medical information, Social Security numbers, or other sensitive information, does not equate to a "clearly established" privacy right in the basis for the BOE's employment decision. Simply put, respondent's arguments and cited cases fail to render it "sufficiently clear" that inclusion of the BOE's employment decision in its meeting minutes violated any right, and she has yet to identify a clearly-established statutory or constitutional right or law that the BOE violated by recording the basis for its suspension of her employment in its public meeting minutes. Because respondent failed to plead or otherwise identify a clearly established law, statute, or regulation that the BOE violated, she has failed to state a claim. *See W. Va. Bd. of Educ. v. Croaff*, No. 16-0532, 2017 WL 2172009, *7 (W. Va. May 17, 2017)(memorandum decision) (detailing cases where the failure to identify a specific law, statute, or regulation that was violated amounted to a "fatal flaw" in the complaint). Accordingly, the BOE is entitled to qualified immunity; and, as such, we need not address the BOE's other assignments of error.

For the foregoing reasons, we reverse the circuit court's order denying the BOE's motion to dismiss petitioner's negligence claim and remand the case for entry of a dismissal order.

Reversed and remanded.

**ISSUED**: November 4, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison